S. LANE TUCKER
United States Attorney

SETH BRICKEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.brickey-smith@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD ANTHONY DOUGHERTY,<br><br>Defendant. | No. 3:23-mj-00220-KFR |

**GOVERNMENT'S BRIEF IN SUPPORT OF CONTINUED DETENTION**

The defendant, Richard Anthony Dougherty, has requested a bail review hearing to propose that he be released back to his residence on conditions or, alternatively, reside at a transitional living facility. Dkt. 9. The United States opposes the proposed release of the defendant.

**BACKGROUND**

On April 10, 2023, the defendant was charged by criminal complaint, which alleged Distribution of Child Pornography, in violation of 18 U.S.C. § 2255A(a)(2)(A); and

Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Dkt. 1. The United States noticed its intent to seek a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(E), on the basis that the defendant was charged with felony offenses that involved a minor victim. At the hearing, the Court ordered defendant be detained pending trial following a detention hearing. Dkts. 5 and 7. On April 21, 2023, a federal grand jury returned a five-count indictment against the defendant, charging him with three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e); one count of Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1); and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## DISCUSSION

The Bail Reform Act governs the detention of a defendant pending trial. 18 U.S.C. § 3142. A district court must detain a person pending trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). Where there is probable cause to believe that the defendant has committed "an offense involving a minor victim under" under 18 U.S.C §§ 2251 and 2252A, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). "Although the

U.S. v. Dougherty
3:23-mj-00220-KFR

Page 2 of 9

presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If a defendant proffers evidence to rebut the presumption of dangerousness, courts must considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Here, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because both a judicial officer and federal grand jury have already found probable cause to believe that the defendant committed offenses involving a minor victim under 18 U.S.C §§ 2251 and 2252A. Even assuming, the defendant musters evidence to rebut this presumption, the factors identified in 18 U.S.C. § 3142(g) compel the conclusion that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Indeed, the defendant's continued detention is the only means of reasonably assuring the Court that he will not continue his decades long campaign of

victimizing children in the community.

## I. The Nature and Circumstances of the Offense

The defendant committed hands-on sexual abuse of at least two minor victims, Minor Victim 1 and Minor Victim 2, who resided with him at his home.[1] The defendant's abuse of Minor Victim 1 occurred over the course of years and took place in the defendant's residence and other locations. The defendant documented this abuse by producing images of himself penetrating Minor Victim 1's vagina with a sex toy and his penis. In addition, the defendant rigged his residence with hidden cameras, including one installed behind a mirror in one of the bathrooms the defendant used to capture images of multiple known and unknown minor victims in various stages of undress. From the collection of child pornography he produced, he shared images of Minor Victim 1, Minor Victim 2, and Minor Victim 3 on the dark web, to gain access to an exclusive dark web community of producers and purveyors of child pornography, the so-called "Star Room." Finally, the defendant amassed a staggering amount of digital child pornography over at least 20 years filing terabytes of computer storage space. Early indications show that the defendant's horde likely includes hundreds of thousands of images of child pornography.

The defendant was able to effectively conceal his years long sexual abuse of minor victims from his wife (who resided with him), family members, and coworkers. He was

---

[1] The United States hereby incorporates the facts contained in the affidavit made in support of the criminal complaint. The United States notes that the individual referred to as "Minor Victim 1" in the Indictment, is the same individual referred to as "Minor Victim 2" in the affidavit in support of the complaint.

also able to maintain a vast collection of child pornography, including images he recorded in his own home, for 20 years without being found out. Finally, his offenses involve the sophisticated concealment of evidence of his crimes. One hidden camera that defendant installed in a bathroom in his residence was connected to a power source to perpetually record, hidden in a cutout behind a mirror, and was able to be accessed remotely so the defendant could view the images on his cellphone. Minor Victim 1 also reports the defendant had at least one hidden compartment in the walls of the residence, where he stored the sex toy that he penetrated her with. The Court should be especially wary of the defendant's longstanding track record of concealing criminal behavior. The fact that he was able to victimize children for so long, undetected, should erode any confidence that he can be adequately supervised on release to mitigate the risk he poses to the community.

The qualities of the defendant's charged offenses that are most concerning is that these crimes were against minor victims under the defendant's care, and that they occurred in the home, undetected, for years. These facts demonstrate the dangerousness the defendant poses to the community at large and those who live with him. The seriousness of the defendant's offenses is highlighted by the severe sentence he will face if convicted. Counts 1–3 carry a mandatory minimum sentence of 15 years per count. Count 4, carries a mandatory minimum sentence of five years. The defendant is now 41 years old. If convicted, he realistically faces a 45–50 year carceral sentence—a functional life sentence.

## II. The Weight of the Evidence

The weight of the evidence against the defendant is strong. In support of the three

U.S. v. Dougherty
3:23-mj-00220-KFR

Page 5 of 9

counts of Production of Child Pornography, law enforcement located three charged images of Minor Victim 1 on the defendant's computer. Law enforcement showed Minor Victim 1 the images. She confirmed that she was the female depicted in the images and that, at the time, she was under eighteen. Metadata associated with the images corroborate that they were created when Minor Victim 1 was 15 years old. She also stated that the defendant took the images with a cellphone camera and identified the hands and penis depicted in the images as belonging to the defendant. There are also uncharged incidents of the defendant having produced child pornography of Minor Victim 1 and other minor victims using the hidden bathroom camera in his home. Many of those images have been recovered from the defendant's computer.

The evidence is also strong that Dougherty received and distributed child pornography during the time alleged. First, law enforcement recovered the communications of Dougherty's dark web alias "Omnibalde," where he distributed images of Minor Victim 1 and other minor victims in an attempt to join "Star Room." Those images have also been recovered from Dougherty's computer. Second, the sheer volume of child pornography on Dougherty's computer, including image series previously known to law enforcement, is strong evidence that Dougherty has been receiving child pornography over a significant period. All of this is strongly corroborated by the defendant's own admissions that he recorded himself penetrating Minor Victim 1 when she was a minor, that he "groomed" her, and that he produced abusive images depicting other minors.

//

### III. The Defendant's History and Characteristics

The defendant has no prior criminal convictions. But the court should give the lack of prior convictions little weight. It is not unusual for individuals who commit crimes like the one defendant is charged with, to have little or no prior interaction with the criminal justice system. *See United States v. Maier*, 646 F.3d 1148, 1156 (9th Cir. 2011). By his own admission, the defendant has steadily been trafficking in images of child pornography for at least 20 years. For several of those years, he sexually abused minor victims who lived with him in his home. Though he was only recently apprehended, the defendant's decades long history of victimizing children weigh heavily in favor of detention pending trial. Indeed, the United States submits it is not reasonable to believe that the defendant would cease a pattern of behavior he has cultivated and successfully concealed over the last 20 years while under the supervision of this Court.

### IV. The Nature and Seriousness of the Danger Posed

The defendant's history of sexually abusing minors in his own home is unspeakably disturbing, and the hundreds of thousands of images depicting the abuse of children that the defendant likely possessed documents a staggering amount of human suffering. If the defendant were released and found a way to continue the pattern of criminal behavior he practiced for nearly half of his life, the harm to the community at large would be beyond measure. But the defendant poses a specific threat in this case. At least four of the defendants' minor victims live in Anchorage. One of whom lives within walking distance of the defendant's residence. The defendant could inflict incredible physical and emotional

harm on these minor victims if he contacted them while on release. It is the government's position that nothing short of detention can adequately protect the minor victims in this case and the community from the danger posed by the defendant.

## CONCLUSION

The defendant's proposed release back to his residence, the scene and instrumentality of many of his crimes, should be rejected by the Court. Indeed, even if house arrest were imposed, knowing *where* defendant is provides little insight as to what he is doing in the home—a critical area of concern. Further, the number of digital devices the defendant possessed and facts concerning secret compartments in the home should give the Court little confidence that it could reasonably ensure that defendant did not have access to internet-capable devices. Chiefly, the proximity of one of the defendant's victims to his residence creates an acceptable risk to that victim. Without the benefit of additional details concerning the defendant's alternative release plan to transitional living, the United States is unable to specifically articulate how that plan is inadequate. However, the United States strongly doubts any residence, short of detention, can reasonably assure the Court that the defendant will not have access to internet-capable devices and that he will be unable to contact the minor victims in this case. Accordingly, "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" and the defendant should remain detained. 18 U.S.C. § 3142(e).

RESPECTFULLY SUBMITTED April 21, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Seth Brickey
SETH BRICKEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Seth Brickey